UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HORACE VAN VAULTZ, JR., <br><br> Petitioner, <br><br> v. <br><br> EDWARD J. SILVA, Acting Warden,[1] <br><br> Respondent. | Case No. 2:25-cv-01186-FWS-PD <br><br> **ORDER TO SHOW CAUSE RE: DISMISSAL OF PETITION** |

On February 12, 2025, Petitioner Horace Van Vaultz, Jr., filed a counseled Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. The Court issues this Order to Show Cause directed to Petitioner because the Petition appears to be subject to dismissal as partially unexhausted.

---

[1] Edward J. Silva is the acting warden of Corcoran State Prison, where Petitioner is housed [*see* Dkt. No. 1 at 2], and is substituted in under Federal Rule of Civil Procedure 25(d) as the proper Respondent.

**I.      Procedural History and Petitioner's Contentions**

In August 2022, a Los Angeles County Superior Court jury convicted Petitioner of two counts of murder and found true the special circumstances that he committed one of the murders while engaged in rape and sodomy and committed the second murder while engaged in rape. [*See* Dkt. No. 1 at 2]; *People v. Vaultz*, No. B323590, 2024 WL 1591485, at *1 (Cal. Ct. App. Apr. 1, 2024).[2] He was sentenced to consecutive life terms without parole. [*See* Dkt. No. 1 at 2]; *Vaultz*, 2024 WL 1591485, at *1.

Petitioner appealed, alleging multiple prosecutorial-misconduct claims and two evidentiary-error claims. [*See* Dkt. No. 1 at 2]; *Vaultz*, 2024 WL 1591485, at *3-10.  On April 12, 2024, the California Court of Appeal affirmed the judgment, *see Vaultz*, 2024 WL 1591485, at *10, and on June 26, 2024, the California Supreme Court denied review, *see* Cal. App. Cts. Case Info. http://appellatecases.courtinfo.ca.gov/ (search for Case No. S285059) (last visited on Apr. 1, 2025).  Petitioner has not filed any habeas petitions in either the California Court of Appeal or the California Supreme Court.  *See id.* (search for "Horace" and "Vaultz").

On February 12, 2025, Petitioner filed the instant Petition, alleging the following grounds for relief:

1.      Trial counsel provided ineffective assistance "during all critical stages" of the trial proceedings by failing to "conduct a thorough investigation," "effectively" question several of the witnesses at trial, retain multiple experts to testify in Petitioner's defense, "effectively utilize" a private investigator, and "defend" Petitioner's "constitutional rights."

---

[2] The Court takes judicial notice of the California Court of Appeal's unpublished decision affirming the judgment against Petitioner.  *See Harris v. County of Orange*, 682 F. 3d 1126, 1131-32 (9th Cir. 2012); Fed. R. Evid. 201(b); *see also* [Dkt. No. 1 at 2 (referencing court of appeal's decision); Dkt. No. 1-1 at 10, 21, 32 (discussing court of appeal's purported resolution of Petition's grounds for relief].

2

2. The trial court violated due process by committing the following "grave procedural errors":

    a. allowing the prosecutor to elicit testimony concerning "other crimes" that Petitioner was alleged to have committed;

    b. excluding evidence of third-party culpability;

    c. excluding evidence concerning one of the victim's "promiscuity"; and

    d. admitting evidence that Petitioner's possessed "adult pornography depicting bondage."

3. The prosecutor violated Petitioner's right to a fair trial by committing multiple acts of misconduct during the trial, and Petitioner's incarceration violates the Eighth Amendment's ban on cruel and unusual punishment.

[Dkt. No. 1-1 at 10-44.]

**II.  Discussion**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to conduct a preliminary review of the Petition. Pursuant to Rule 4, the Court must summarily dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing 2254 Cases; *see also Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990). As explained below, a review of the Petition and materials subject to judicial notice suggests that the Petition should be dismissed as partially unexhausted.

Under 28 U.S.C. § 2254(b), habeas relief may not be granted unless a petitioner has exhausted the remedies available in state court. Exhaustion requires that the petitioner's contentions were fairly presented to the state courts, *Ybarra v. McDaniel*, 656 F.3d 984, 991 (9th Cir. 2011), and disposed of on the merits by the highest court of the state, *Greene v. Lambert,* 288 F.3d

1081, 1086 (9th Cir. 2002).  As a matter of comity, a federal court will not entertain a habeas petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in it.  *See Rose v. Lundy*, 455 U.S. 509, 518-19 (1982).

Here, the Petition appears to be partially unexhausted.  Petitioner did not assert an ineffective-assistance claim on direct appeal, *see Vaultz*, 2024 WL 1591485, at *3-10, and he has not filed any state-court habeas petitions.  *See* Cal. App. Cts. Case Info. http://appellatecases.courtinfo.ca.gov/ (search for "Horace" and "Vaultz") (last visited Apr. 1, 2025).  As such, Ground One – which alleges only ineffective-assistance claims – appears to be completely unexhausted.

Several of Ground Two's claims likewise appear to be unexhausted.  Although on direct review Petitioner asserted two of the evidentiary errors that he alleges in Ground Two – namely, his claims that the trial court erroneously excluded evidence of the victim's alleged "promiscuity" and erroneously admitted evidence concerning his possession of pornography depicting bondage, *see Vaultz*, 2024 WL 1591485, at *9-10 – he does not appear to have asserted any claims challenging admission of "other crimes" evidence or exclusion of third-party culpability evidence, *id*. at *3-10, both of which he alleges in Ground Two, [*see* Dkt. No. 1-1 at 29].[3]

---

[3] In connection with Ground Two, Petitioner includes lengthy discussions of the legal standards for sufficiency-of-the-evidence claims, various instructional-error claims, and judicial-bias claims.  [*See* Dkt. No.  1-1 AT 21-29.]  However, Petitioner did not assert a claim involving sufficiency of the evidence, instructional error, or judicial bias.  It is unclear whether this discussion was cut and pasted from a different habeas petition, as may have occurred in other portions of the Petition.  [*See* Dkt. No. 1-1 at 20 (alleging that due to trial counsel's failure to obtain discovery concerning investigating officers and detectives, counsel in this action "cannot know . . . the extent to which Mr. Rodriguez may have been prejudiced"), 29 ("The effect of the multiple errors infected the trial with unfairness and rendered Mr. Rodriguez's conviction a denial of Due Process in violation of his Sixth and Fourteenth Amendment rights.").  In any event, to the extent Petitioner intended to assert a

Several claims in the Petition's third ground for relief likewise appear to be unexhausted. On direct appeal, Petitioner alleged a host of prosecutorial-misconduct claims. *See id.* at *4-8. However, he does not appear to have alleged on direct appeal – as he does here – that the prosecutor introduced false evidence or that "police and prosecutors improperly and unfairly targeted [him] in circumstances where he was acquitted of killing Janna Rowe in Ventura, California, in 1988." [Dkt. No. 1-1 at 33.]<sup>4</sup> Similarly, it does not appear that Petitioner asserted an Eighth Amendment challenge on direct review, *see Vaultz*, 2024 WL 1591485, at *3-10, as he does in the Petition's third ground for relief [*see* Dkt. No. 1-1 at 44].<sup>5</sup>

Accordingly, it appears that the Petition is partially unexhausted and should be dismissed unless Petitioner takes steps to cure the problem. *See Rose*, 455 U.S. at 522.

### III. Conclusion

For the foregoing reasons, the Court **ORDERS** Petitioner, **by no later than May 1, 2025**, to either (a) show that he has exhausted his state-court remedies as to the ineffective-assistance claims in the Petition's Ground One

---

sufficiency-of-the-evidence, instructional-error, or judicial-bias claim, any such claim appears to be unexhausted.

<sup>4</sup> Petitioner was not charged in the proceedings underlying the Petition with murdering Rowe. In a prior case, he was charged with Rowe's murder and was acquitted. *See Vaultz*, 2024 WL 1591485, at *1-2. Years after that acquittal, testing showed DNA found in sperm from Rowe's body "matched [Petitioner's] DNA." *Id.* at *2. Evidence concerning Rowe's murder was introduced at the trial in the proceedings underlying the Petition. *See id.* at *1-2.

<sup>5</sup> Ground Three may include numerous other instances of misconduct that Petitioner did not allege on direct review. [*See, e.g.*, Dkt. No. 1-1 at 40-42 (identifying 21 instances where prosecutor allegedly "humiliated" Petitioner).] The Court cannot, however, determine whether those allegations are unexhausted because it does not have a copy of Petitioner's direct-appeal opening brief, in which he alleged numerous instances of prosecutorial misconduct. *See Vaultz*, 2024 WL 1591485, at *3-8. Petitioner nevertheless should not take that fact as an affirmative finding that he has exhausted his state-court remedies on those allegations.

and the claims identified above in Grounds Two and Three **or** (b) concede that those claims are unexhausted and select one of the following options:

(1) File a motion to stay and abey his Petition under *Rhines v. Weber*, 544 U.S. 269 (2005), if he believes he can make the required showings. To obtain a stay under *Rhines* of his federal petition while he exhausts his state remedies, a petitioner must comply with the following requirements: (a) he must show good cause for his failure to earlier exhaust the claim in state court; (b) the unexhausted claim must not be "plainly meritless"; and (c) he must not have engaged in "abusive litigation tactics or intentional delay." 544 U.S. at 277-78;

(2) File a motion to stay under *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003) (as amended), *overruling on other grounds recognized by Robbins v. Carey*, 481 F.3d 1143, 1149 (9th Cir. 2007). To obtain a stay under *Kelly*, the petitioner must (a) voluntarily dismiss his unexhausted claims; (b) ask this court to stay the then fully exhausted Petition; and (c) return to state court to attempt to exhaust the unexhausted claims while the federal Petition is held in abeyance – with the understanding that he will be allowed to amend any newly exhausted claim back into the Petition only if it is timely under AEDPA or "relates back" to the original exhausted claims, *see Mayle v. Felix*, 545 U.S. 644, 664 (2005);

(3) File an amended petition that contains only the Petition's exhausted claims. The Court hereby notifies Petitioner that if he chooses this option – to dismiss the unexhausted claims without seeking a stay and proceed only with his exhausted claims – then his unexhausted claims may later be time-barred under 28 U.S.C. § 2244(d)(1), and any subsequent § 2254 petition containing the currently unexhausted claims may be barred as an unauthorized second or successive petition; or

1  (4) File a request that the Petition be dismissed without prejudice
2  under Federal Rule of Civil Procedure 41(a)(1), with the understanding that
3  any later petition may be time barred under § 2244(d)(1).

**If Petitioner does not respond to this Order by May 1, 2025, the Court will recommend that that the Petition be dismissed without prejudice as partially unexhausted.**

**IT IS SO ORDERED**.

DATED: April 1, 2025

*Patricia Donahue*

PATRICIA DONAHUE
UNITED STATES MAGISTRATE JUDGE

7